*In re* MARRIAGE OF NANCY LEE SCHMIDT, Petitioner-Appellee, and GLENN WILBUR SCHMIDT, JR., Respondent-Appellant.
Third District   No. 3—92—0364

Opinion filed January 28, 1993.

Glenn Schmidt, of Vienna, appellant *pro se.*

Susan Tibbits, of Prairie State Legal Services, Inc., of Peoria, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The petitioner, Nancy Lee Schmidt, filed a petition for dissolution of marriage against the respondent, Glenn Wilbur Schmidt, Jr. The court granted the dissolution and the respondent appeals.

The record shows that the petitioner filed an action for dissolution of marriage while the respondent was incarcerated in the Vandalia Correctional Center. The respondent filed a motion to proceed *in forma pauperis* and for appointment of counsel. The court approved his *in forma pauperis* motion but denied his request for counsel. The respondent then filed a motion requesting that the cause be dismissed or continued until his release from incarceration on May 10, 1995. The court denied the motion. An evidentiary hearing was subsequently held without the respondent, and a judgment of dissolution of marriage was entered. The judgment reserved the issues of child custody, child support, visitation, and responsibility for medical bills.

On appeal, the respondent argues that he did not receive a fair hearing because he was denied his right to counsel and his right to attend the hearing. We disagree.

It is well settled that the respondent has no right to counsel in a noncriminal matter under the sixth amendment of the United States Constitution. The amendment states in pertinent part:

> "In all *criminal* prosecutions, the accused shall *** have the Assistance of Counsel for his defence." (Emphasis added.) (U.S. Const., amend. VI.)

Further, Illinois courts have addressed the issue of whether an indigent has a constitutionally protected right to counsel in a civil action under the Illinois Constitution. In *Rosewell v. Hanrahan* (1988), 168 Ill. App. 3d 329, 331, 523 N.E.2d 10, the court stated that "[t]he due process clause protects individuals from actions by the State, not actions by individuals."

In the instant case, the civil action was not brought by the State, but by the respondent's wife. We therefore find that neither the

United States Constitution nor the Illinois Constitution provides the respondent with a right to counsel in this matter.

We also note that the respondent has failed to show that he had a statutory right to counsel, nor are we aware of any such provision. We therefore hold that he was not denied his right to counsel.

Regarding the respondent's right to be present at the hearing, we note that the Illinois Marriage and Dissolution of Marriage Act (Act) does not require both parties to be present in court for a judgment of dissolution of marriage to be entered. (Ill. Rev. Stat. 1991, ch. 40, par. 401.) The Act also allows the entry of a bifurcated judgment which reserves issues. Ill. Rev. Stat. 1991, ch. 40, par. 401.

The respondent claims that there are issues in dispute and he must be present to fairly address these issues. However, he made no effort to attend the hearing by petitioning for an order of *habeas corpus ad testificandum*. Additionally, the court reserved ruling on major issues such as custody, support, visitation, and medical expenses. We therefore find that the respondent's rights were not violated as a result of his absence from the hearing.

Based on the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

BARRY and STOUDER, JJ., concur.