SHERRY RATCLIFFE *et al.*, Plaintiffs-Appellants, v. FRANK APANTAKU *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 1—99—1461

Opinion filed December 29, 2000.

Sherry Ratcliffe, of Chicago, appellant *pro se.*

Luisa F. Trujillo, of Bollinger, Ruberry & Garvey, of Chicago, for appellee Frank Apantaku.

Lord, Bissell & Brook, of Chicago (Hugh S. Balsam and Gerald W. Huston, of counsel), for appellee Trinity Hospital.

Swanson, Martin & Bell, of Chicago (Kay L. Schichtel and Laura A. Zehner, of counsel), for appellee University of Chicago Hospital.

JUSTICE McBRIDE delivered the opinion of the court:

This appeal arises from the dismissal of plaintiffs' complaint for failure to file a physician's report as required by section 2—622 of the Code of Civil Procedure (735 ILCS 5/2—622 (West 1998)). Plaintiffs' complaint alleged numerous acts of medical negligence committed by defendants that resulted in the death of Irma Ratcliffe (Decedent). Plaintiffs-appellants are Sherry and Glen Ratcliffe, who are husband and wife (collectively referred to as Ratcliffe). Decedent was Sherry Ratcliffe's mother. Sherry Ratcliffe filed this action on behalf of Decedent and was later appointed special administrator of Decedent's estate by the trial judge. Ratcliffe has not retained counsel and is representing Decedent's interests in the matter *pro se* as she did below.

The defendants-appellees are Dr. Frank Apantaku (Apantaku); Trinity Hospital (Trinity); University of Chicago Hospital (UCH); and Illinois Home Health Care, Inc. (Home) (hereinafter collectively referred to as defendants). We state only those facts necessary for disposition of this appeal. Ratcliffe's complaint alleges that Apantaku's negligent treatment of Decedent resulted in her death due to urosepsis. According to Ratcliffe, the urosepsis developed because of an unchecked urinary tract infection which both Apantaku and Trinity negligently failed to detect and promptly treat. Ratcliffe also alleges that Trinity and Home failed to acknowledge and respond to complaints made by Ratcliffe concerning the negligent care administered to Decedent by Apantaku. Because of Apantaku and Trinity's alleged negligence concerning Decedent's care, Ratcliffe brought Decedent into the emergency room at UCH. Ratcliffe further asserts that UCH was also negligent in failing to administer proper care and effectively hastened the death of Decedent. Based on the above allegations, Ratcliffe, on behalf of Decedent's estate, sought monetary damages in excess of $50,000 against each defendant.

Ratcliffe filed her complaint in the circuit court on April 10, 1998. On July 6, 1998, Trinity filed a motion to dismiss Ratcliffe's complaint and UCH was granted leave by the trial court to join in that motion. Apantaku also filed a motion to dismiss the complaint on August 13, 1998. One of the grounds alleged in the defendants' motion to dismiss was Ratcliffe's failure to file a physician's report as required by section 2—622 (735 ILCS 5/2—622 (West 1998)).

■ Section 2—622 states in relevant part:

"(a) In any action, *** in tort *** in which the plaintiff seeks damages for injuries or death by reason of medical, hospital or

other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. ***

\* \* \*

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." 735 ILCS 5/2—622 (West 1998).

On September 18, 1998, the trial court granted Ratcliffe until November 9, 1998, to file a physician's report pursuant to section 2—622 (735 ILCS 5/2—622 (West 1998)). On November 9, 1998, Ratcliffe was appointed special administrator of Decedent's estate and she complained that she had yet to receive medical records from Trinity and, thus, could not file her physician's report as required under the above statute.

In a variety of different orders, the trial court instructed the defendants to produce copies of Decedent's records to Ratcliffe. Based upon a review of the orders and defendants' allegations, it appears that Ratcliffe received UCH's records on October 7, 1998; Trinity's records on November 30, 1998; and Home's records on February 17, 1999. Additionally, Apantaku represented to the court on September 28, 1998, that he possessed no independent office letters concerning the Decedent and would indicate so in a letter to Ratcliffe. Ratcliffe admits receiving all of defendants' records by February 18, 1999.

Despite having UCH and Trinity's records for months, Ratcliffe did not file a physician's report pursuant to section 2—622 (735 ILCS 5/2—622 (West 1998)). On February 16, 1999, prior to hearing defendants' motions to dismiss, the trial court ordered Ratcliffe to

produce a physician's report by March 22, 1999, or the case would be dismissed in accordance with the statute. On March 22, 1999, Ratcliffe had not filed the physician's report and the trial court dismissed Ratcliffe's complaint with prejudice. Ratcliffe appeals from the order dismissing the complaint.

The two main questions raised by this appeal are: (1) whether the trial court abused its discretion in granting defendants' motions to dismiss pursuant to section 2—622 (735 ILCS 5/2—622 (West 1998)); and (2) whether the trial court's dismissal of the complaint was justified based on the fact that it was improper for Ratcliffe, a *pro se* litigant, to represent Decedent's estate in a wrongful death or survivor action.

■ We apply an abuse of discretion standard of review concerning the trial court's dismissal of a complaint based on failure to comply with section 2—622. *Mueller v. North Suburban Clinic, Ltd.*, 299 Ill. App. 3d 568, 572, 701 N.E.2d 246 (1998). As the second question involves a question of law, our standard of review will be *de novo. Daley v. American Drug Stores, Inc.*, 294 Ill. App. 3d 1024, 1026, 691 N.E.2d 846 (1998).

Because we conclude that it was improper for Ratcliffe, a *pro se* litigant, to represent the legal interests of Decedent's estate in the action below and because we find this fact is dispositive of the appeal, we will only address this issue. At a court hearing on September 18, 1998, in the instant case the trial judge advised Ratcliffe that under *Blue v. State*, 223 Ill. App. 3d 594, 585 N.E.2d 625 (1992), he did not believe Ratcliffe could represent Decedent's estate in a *pro se* capacity. The trial judge however did not dismiss the action at that time and on a subsequent court date appointed Ratcliffe as special administrator of Decedent's estate.

In *Blue*, a *pro se* plaintiff filed a complaint for an order of *habeus corpus* in the name of his minor child alleging that the plaintiff was being held in his mother's custody in violation of due process of law. The trial court dismissed the complaint based on the fact that another action was pending between the same parties for the same cause under section 2—619(a)(3) of the Illinois Code of Civil Procedure. Plaintiff appealed the trial court's dismissal. The appellate court dismissed plaintiff's appeal and vacated the circuit court's judgment. *Blue*, 223 Ill. App. 3d at 597.

■ In *Blue*, the appellate court noted that under section 1 of the Attorney Act (Ill. Rev. Stat. 1989, ch. 13, par. 1 (now 705 ILCS 205/1 (West 1998))), "One not duly authorized to practice law may not represent *another* in a court of law." (Emphasis added.) *Blue*, 223 Ill. App. 3d at 596. Further, the court held:

"Lay people may appear only in their 'proper persons' [citation] *** only on their own behalf. [Citation.] A pleading signed by a person who is not licensed to practice law in this State is a nullity even if a duly licensed attorney subsequently appears in court. [Citation.] Where one not licensed to practice law has instituted legal proceedings on behalf of another, the suit should be dismissed; if the suit has proceeded to judgment, the judgment is void and will be reversed. [Citation.]" *Blue*, 223 Ill. App. 3d at 596.

The court then held that plaintiff could not represent the interests of another, his son, without being authorized to practice law. Thus, although a *pro se* litigant is entitled to represent his or her own personal interest, a nonattorney cannot represent another's legal interests on behalf of that individual. Part of the rationale behind the court's ruling was that an individual (a minor) who lacks the capacity to represent himself is entitled to the protection and expertise of an attorney.

In further support of their position that the trial court's order dismissing this complaint should be affirmed, defendants also rely upon a decision by the Court of Appeals of Nebraska entitled *Waite v. Carpenter*, 1 Neb. App. 321, 496 N.W.2d 1 (1992). In *Waite*, a *pro se* litigant filed several claims against defendants as personal representative of Harriet Waite's estate. The complaints did not state plaintiff's relationship with Harriet Waite but indicated the plaintiff was acting as personal representative of the estate. The court found:

"As wrongful death actions, [these cases] are of the type which may only be maintained by a personal representative, and *** a non-lawyer may represent himself or herself, but may not act as the legal representative for *anyone else*. This rule includes a non-attorney personal representative acting for an estate. Obviously, the personal representative who brings a wrongful death suit is bringing it for the benefit of the other heirs and those persons are entitled to have their legal interests represented by one who is trained and licensed to do so. This is not to say that personal representatives must be attorneys, but rather, that one who seeks to represent the legal interests of the personal representative must be an attorney. This rule protects the estate, its heirs, and its creditors." (Emphasis added.) *Waite*, 1 Neb. App. at 327-28, 496 N.W.2d at 5.

We have reviewed Ratcliffe's complaint and although entitled a "Complaint Of Professional Negligence," it is styled more in the nature of a wrongful death or survival action. We also note that during the proceedings below the trial judge appointed Ratcliffe as the special administrator of Decedent's estate and Ratcliffe's complaint seeks money damages.

■ Because claims for both wrongful death and survival actions

are brought in a representative capacity, we find that they may not be brought *pro se*. The Wrongful Death Act provides: "Every such action shall be brought by and in the names of the personal representatives of such deceased person ***." 740 ILCS 180/2 (West 1998). The Illinois Survival Act likewise provides that such a cause of action shall be brought in a representative capacity. 755 ILCS 5/27—6 (West 1998).

■ Thus, we agree with the *Waite* reasoning and hold that Ratcliffe cannot represent the legal interests of Decedent's estate in a *pro se* capacity because she is not an attorney licensed to practice law. As *Waite* points out, medical malpractice and wrongful death actions are complex cases that require the expertise of an attorney and the dismissal of Ratcliffe's complaint under section 2—622 only reinforces this proposition. *Waite*, 1 Neb. App. at 330, 496 N.W.2d at 7. As a result of our reading of both *Blue* and *Waite*, we believe this appeal should be dismissed.

■ Although we have determined this appeal should be dismissed because Ratcliffe could not represent the legal interests of Decedent's estate as she is not a licensed attorney, we address Ratcliffe's claim that the trial court erred in not appointing counsel to represent her in the lawsuit that she filed in violation of section 1 of the Attorney Act (705 ILCS 205/1 (West 1998)).

Ratcliffe contends that the trial court's failure to appoint counsel on her behalf was erroneous and was also abusive in some fashion. We disagree. First, an individual in a civil action has no right to counsel under the Illinois Constitution. *In re Marriage of Schmidt*, 241 Ill. App. 3d 47, 48, 609 N.E.2d 345 (1993). Ratcliffe provides us with no authority to the contrary. Moreover, we fail to see how, under these facts, Ratcliffe, as personal representative of Decedent's estate, has a right to counsel. Ratcliffe as much as concedes so in her amended brief.

Further, we are not persuaded by any of the cases cited by Ratcliffe in support of her alleged entitlement to counsel. In *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995), the court affirmatively stated that "civil litigants do not have a right, either constitutional or statutory, to counsel. [Citation.]" Further, the court determined that the district court did not abuse its discretion in denying Zarnes' request for counsel. *Zarnes*, 64 F.3d at 288. Thus, the express language of *Zarnes* defeats Ratcliffe's argument on this question.

Ratcliffe also relies on *Thomas v. Pate*, 493 F.2d 151, 156 (7th Cir. 1974). In *Thomas*, a federal discrimination case, the court also stated that, "A plaintiff in a civil action *** has no sixth amendment right to competent counsel." *Thomas*, 493 F.2d at 157. Thus, *Thomas* merely reiterates the same proposition expressed in *Zarnes*. As earlier noted,

*In re Marriage of Schmidt*, *Zarnes* and *Thomas* defeat Ratcliffe's position on this question.

The final case cited by Ratcliffe on this point exclusively concerns a plaintiff's right to self-representation and not the right to appointment of counsel. See *O'Reilly v. New York Times Co.*, 692 F.2d 863 (2d Cir. 1982). Therefore, the case is not germane to the question at issue. Accordingly, we dismiss this appeal because Ratcliffe, a *pro se* litigant, could not represent the legal interest of Decedent's estate in the action below.

The appeal is dismissed and the judgment of the circuit court is vacated.

Appeal dismissed; judgment vacated.

CAHILL, P.J., and GORDON, J., concur.