# Illinois Official Reports

## Appellate Court

> ### *In re Estate of Mattson*, 2019 IL App (1st) 180805

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF CAROL MATTSON, Deceased (Daniel Houlihan, Petitioner-Appellant). |
| District & No. | First District, Second Division<br>Docket No. 1-18-0805 |
| Filed | April 30, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-P-752; the Hon. Daniel B. Malone, Judge, presiding. |
| Judgment | Appeal dismissed; circuit court judgment affirmed. |
| Counsel on Appeal | Daniel Houlihan, of Des Plaines, appellant *pro se*. |
| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Presiding Justice Mason concurred in the judgment and opinion.<br>Justice Hyman dissented, with opinion. |

## OPINION

¶ 1     Daniel Houlihan, a nonattorney proceeding *pro se*, petitioned the circuit court to open an estate for his mother, Carol Mattson, and for issuance of letters of administration, appointing him as independent administrator of her estate. The circuit court denied his petition without

prejudice because Daniel, as a nonattorney, could not represent the legal interests of an estate in a *pro se* capacity. Daniel now appeals.[1]

¶ 2                                     BACKGROUND

¶ 3    In February 2017, Daniel filed a petition for letters of administration in the probate division of the circuit court, which stated that Carol Mattson (Decedent) died on May 4, 2016, leaving no will. According to the petition, Decedent's heirs were her three surviving children, namely, Daniel Houlihan, Brian Houlihan,[2] and Deborah Soraghan. Initially, the circuit court struck Daniel's petition when he failed to appear in court to present it. Daniel subsequently filed a *pro se* motion for "permission to proceed in [the] process [of] opening the ESTATE OF CAROL JOAN MATTSON." On three separate occasions thereafter, the court advised Daniel that he could not represent the legal interests of an estate as a nonattorney and continued the case in order "for [an] attorney to appear." Instead, Daniel filed a *pro se* motion to "Appoint Son Daniel Houlihan [as] Independent Administrator" of Decedent's estate. Despite its prior orders, the court nonetheless continued the case "for [an] attorney to appear."

¶ 4    Ultimately, the court denied Daniel's petition without prejudice on March 15, 2018, because he failed to obtain counsel to represent Decedent's estate and could not represent the legal interests of her estate as a nonattorney pursuant to *Ratcliffe v. Apantaku*, 318 Ill. App. 3d 621 (2000). Daniel has not retained counsel and is representing Decedent's interests in this matter *pro se* as he did below. For the reasons to follow, we strike his brief and dismiss the appeal.

¶ 5                                      ANALYSIS

¶ 6    An individual not duly authorized to practice law cannot represent another in a court of law. 705 ILCS 205/1 (West 2016); *Ratcliffe*, 318 Ill. App. 3d at 625 (citing *Blue v. People*, 223 Ill. App. 3d 594, 596 (1992)). Thus, although a *pro se* litigant is entitled to represent his own personal interests, a nonattorney cannot represent another's legal interests on behalf of that individual. *Ratcliffe*, 318 Ill. App. 3d at 626; *National Bank of Austin v. First Wisconsin National Bank of Milwaukee*, 53 Ill. App. 3d 482, 488-89 (1977). Moreover, this rule includes a nonattorney seeking to personally represent the legal interests of an estate. See *Ratcliffe*, 318 Ill. App. 3d at 626 (stating, " '[t]his is not to say that personal representatives must be attorneys, but, rather, that one who seeks to represent the legal interests of the personal representative must be an attorney' " (quoting *Waite v. Carpenter*, 496 N.W.2d 1, 5 (Neb. Ct. App. 1992))). In addition, where one not licensed to practice law has instituted legal proceedings on behalf of another, the suit should be dismissed. *Blue*, 223 Ill. App. 3d at 596; *Lake Shore Management Co. v. Blum*, 92 Ill. App. 2d 47, 50 (1968).

¶ 7    Based on the foregoing, Daniel cannot represent the legal interests of Decedent's estate in a *pro se* capacity, either in this court or in the action below, since he is not a licensed attorney or a party to this suit. See 705 ILCS 205/1 (West 2016); *Ratcliffe*, 318 Ill. App. 3d at 627; *Blue*, 223 Ill. App. 3d at 595-96. Additionally, the suit should be dismissed because Daniel, as a

---

[1]We note that there is no respondent-appellee in this case. As such, we will consider the merits of this appeal based on the record and petitioner-appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

[2]We note that Daniel's brief indicates Brian Houlihan died in February 2018.

nonattorney, has impermissibly instituted legal proceedings on behalf of another, *i.e.*, the estate of Carol Mattson. This occurred when he filed motions *pro se* for "permission to proceed in [the] process [of] opening the ESTATE OF CAROL JOAN MATTSON," and to "Appoint Son Daniel Houlihan [as] Independent Administrator" of Decedent's estate, in addition to filing the present *pro se* appeal. We note the dissent relies in part on the "petitions for letters of administration forms" in arguing that the denial of Daniel's petition was improper. Not only are these documents from other counties and thus, inapplicable, but the rationale quite literally elevates "forms" over substance, as the statutory language directly contradicts the analysis. 705 ILCS 205/1 (West 2016). And from Daniel's brief, it is apparent that he seeks not only to pursue his petition to appoint an independent administrator *pro se*, but also intends, as independent administrator, to pursue claims against his sister for allegedly dissipating estate assets. Even our dissenting colleague would agree that Daniel cannot pursue the latter course *pro se*. Accordingly, the appeal is dismissed and the judgment of the circuit court is affirmed.

¶ 8                                    CONCLUSION

¶ 9     For the reasons set forth above, we strike Daniel's brief and dismiss the appeal. See *Blue*, 223 Ill. App. 3d at 596-97 (striking the briefs by a nonattorney *pro se* filed on behalf of another).

¶ 10     Appeal dismissed; circuit court judgment affirmed.

¶ 11     JUSTICE HYMAN, dissenting:

¶ 12     This appeal involves a barrier to accessing the civil justice system that does not exist.

¶ 13     Daniel Houlihan filed a *pro se* petition in the trial court seeking appointment as administrator of his mother's estate. The trial court dismissed the petition, without prejudice, finding Daniel "cannot represent the legal interest of an entity in a *pro se* capacity because he is not an attorney licensed to practice law." At this preliminary stage, Daniel is not representing the legal interests of his mother's estate, as he has not yet been appointed administrator. He represents his own interest in serving as administrator and need not hire an attorney to file the petition. Thus, I dissent from the majority's decision to affirm the trial court's order denying Daniel's *pro se* petition for letters of administration and would remand for further proceedings. I also dissent from the decision to dismiss Daniel's appeal and to strike his brief.

¶ 14                              The Majority's Decision

¶ 15     As the majority notes, a self-represented litigant can represent his or her own interests, but a nonattorney cannot represent the interests of another. *Blue v. People*, 223 Ill. App. 3d 594, 596 (1992)). Under the "nullity rule," a court may dismiss a case if a person who is not licensed to practice law attempts to represent another party in legal proceedings. *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 435 (2008) (citing *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371 (2005)). As our supreme court explained, the purpose of the nullity—or voidness—rule— " ' "is *** to protect litigants against the mistakes of the ignorant and the schemes of the unscrupulous and to protect the court itself in the administration of its proceedings from those lacking requisite skills." ' " *Id.* (quoting *Sperry*, 214 Ill. 2d at 389-90, quoting *Janiczek v. Dover Management Co.*, 134 Ill. App. 3d 543, 546 (1985)).

¶ 16        Both the majority and trial court cite to *Ratcliffe v. Apantaku*, 318 Ill. App. 3d 621 (2008). There, the appellate court applied the nullity rule to dismiss a *pro se* wrongful death complaint filed by a special administrator on behalf of her mother's estate. The appellate court found that the daughter brought the claims for damages in a representative capacity for the benefit of the decedent's estate. *Id.* at 626-27. And, because a nonattorney may not represent the legal interests of another, the court dismissed the self-represented litigant's complaint. The court also found that medical malpractice and wrongful death actions cases are "complex cases that require the expertise of an attorney." *Id.* at 627.

¶ 17        In reaching its decision, the *Ratcliffe* court relied on *Blue*, 223 Ill. App. 3d 594. In *Blue*, a self-represented litigant filed a complaint for an order of *habeas corpus* in the name of his minor child, alleging the child's mother had custody in violation of due process of law. The trial court dismissed the complaint under section 2-619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 2016)) because of a separate pending case between the same parties for the same cause. The appellate court, however, dismissed the appeal and vacated the circuit court's judgment. *Blue*, 223 Ill. App. 3d at 597.

¶ 18        Citing the nullity rule, the court stated that "[o]ne not duly authorized to practice law may not represent another in a court of law." *Id.* at 596. "Where one not licensed to practice law has instituted legal proceedings on behalf of another, the suit should be dismissed; if the suit has proceeded to judgment, the judgment is void and will be reversed." *Id.* The court concluded the self-represented father, who was not authorized to practice law, could not represent the interests of his son. The court also reasoned that a minor, who lacks the capacity to represent himself, should have the protection and expertise of an attorney. *Id.*

¶ 19        *Ratcliffe* and *Blue*, however, do not support dismissal of Daniel's petition. In both *Ratcliffe* and *Blue*, the plaintiffs sought to bring *pro se* claims on *behalf* of another. In *Ratcliffe*, a daughter, who had not yet been appointed administrator, wanted to sue on behalf of her deceased mother. In *Blue*, a father wanted to file a claim on behalf of his minor son. Conversely, Daniel is not representing his mother or her estate. Daniel filed his petition under section 9-4 of the Probate Act of 1975, which permits "[a]nyone desiring to have letters of administration issued on the estate of an intestate decedent shall file a petition therefor in the court of the proper county." 755 ILCS 5/9-4 (West 2016). Daniel seeks only letters of administration, which, if granted, would then permit him to act on the behalf of his mother's estate. But, until appointed, he represents himself alone.

¶ 20        According to Daniel's brief, he has a sister and two deceased brothers, one of whom has two children. Daniel's sister and his brother's children are entitled to notice and may appear to oppose his appointment as administrator. 755 ILCS 5/9-5 (West 2016) (copy of petition must be mailed with time and place of hearing to heirs entitled to administer or nominate a person to administer estate). If, after a hearing, the trial court grants Daniel's petition, he may act on behalf of the estate. Until then, Daniel and his sister, if she too seeks letters of administration, act on behalf of themselves as potential administrators of the estate and nothing in the Probate Act of 1975 requires the hiring of an attorney to pursue those interests.

¶ 21        Notably, circuit courts in other Illinois counties permit self-presented petitions for letters of administration, as evidenced by the forms made available to the public on county court websites. The petitions for letters of administration forms in Du Page County, Kane County, Lake County, and elsewhere include a box labeled "*pro se*," which plainly permit the petitioning party to file the petition without hiring a lawyer. See *Court Forms*, Du Page County

Circuit Clerk, https://www.dupageco.org/CourtClerk/CourtForms/ [https://perma.cc/NDG3-AC7G]; *Appearance and Consent to Admission of Will and Issuance of Letters*, Kane County Circuit Clerk, http://www.cic.co.kane.il.us/eForms/P1-PR-007-E.pdf (last visited July 5, 2019) [https://perma.cc/PUV2-658H]; *Petition for Probate and for Letters*, Lake County Circuit Clerk, https://www.lakecountycircuitclerk.org/docs/default-source/probate/petition-for-probate-and-for-letters-171p-30-(rev-12-17)0328bae006ca6cf291ebff0000dce829.pdf?sfvrsn=2 (Oct. 2018) [https://perma.cc/G5P7-AH3H]. Interestingly, the form on the Cook County circuit court website does not similarly provide for a *pro se* petitioner to sign the petition. See *Petition for Letters of Administration*, Cook County Circuit Clerk, http://www.cookcountyclerkofcourt.org/Forms/pdf_files/CCP0302.pdf (Oct. 1, 2018) [https://perma.cc/5U2P-D3KJ].

¶ 22    Given the absence of case law to support its holding or a circuit court rule prohibiting a petitioner from filing a *pro se* petition for letters of administration, I can only surmise the trial court may have applied an informal rule applied in Cook County that prohibits *pro se* petitions for letters of administration. If so, the practice should be abandoned, as it has no basis in law. Further, it would violate due process to permit petitioners in other counties to file petitions *pro se*, while petitioners in Cook County must hire an attorney to file the petition.

¶ 23    Daniel well may want to hire an attorney if he successfully petitions for appointment as administrator. But, until then, he represents no interests of the estate and neither the nullity rule nor the cases cited by the majority support dismissing his petition. Thus, I would reverse the trial court's order and remand for further proceedings on Daniel's *pro se* petition for letters of administration.

¶ 24                                    Striking Appellant's Brief

¶ 25    I also dissent from the majority's decision to strike Daniel's brief. The majority dismisses Daniel's appeal and strikes his brief on the grounds that he cannot appear *pro se* in the trial court or before this court. As noted, I disagree with the conclusion that, at this stage, Daniel represents any interest other than his own in being appointed administrator. Thus, I would not dismiss his appeal or strike his brief.

¶ 26    Moreover, by striking the brief, the appellate court effectively closes the courthouse door to a *pro se* appellant, like Daniel, who thinks the trial court got it wrong. This punishes Daniel twice, once for not having hired an attorney—first by the trial court, which dismissed his petition on the grounds, improperly I contend, and then in this court where he may not appear *pro se* to present his arguments. Thus, I would not strike his brief but permit Daniel to present his arguments and have the appeal decided on the merits.