2020 IL App (1st) 190052-U

No. 1-19-0052

Order filed February 14, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ANICA JANKOVIC, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Complainant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission. |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| STATE OF ILLINOIS HUMAN RIGHTS | ) | |
| COMMISSION, | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |
| (Susan Pod, Non-Party Petitioner). | ) | Charge No. 2014 CH 3052 |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We dismiss this petition for review because the appellant (1) lacked standing and was not authorized to represent the legal interests of another; (2) was not authorized to represent the interests of her deceased mother; and (3) did not name necessary parties in her petition for review as required by the Administrative Review Law.

¶ 2    Appellant Susan Pod, a non-attorney proceeding *pro se*, appeals from a final order entered by the Illinois Human Rights Commission (Commission) sustaining the Department of Human Rights' (Department) dismissal of a charge of discrimination brought by Pod's mother, Anica Jankovic, against Jankovic's landlord, Pebbleshire II Associates (Pebbleshire), and the building manager, Lisa Stewart (collectively, landlord). For the following reasons, we dismiss the appeal.

¶ 3    On May 21, 2014, Pod filed a housing discrimination complaint with the Department "on behalf" of Jankovic, who, according to the complaint, had mental disabilities and limited proficiency in English. The complaint claimed the landlord violated federal housing law and the Illinois Human Rights Act (Act) (775 ILCS 5/3-101 *et seq.* (West 2014)) by failing to reasonably accommodate Jankovic's mental disabilities. Specifically, the complaint alleged the landlord considered the income of Jankovic's live-in caregiver, Allen Toskic (her grandson and Pod's son), in determining Jankovic's monthly rent subsidy. The complaint also alleged Jankovic and Toskic were treated differently than other tenants due to Toskic's association with a disabled individual.

¶ 4    The landlord responded to the complaint on June 19, 2014. In relevant part, the landlord stated that it informed Jankovic that Toskic could be approved as a live-in aide, but his income would still be counted because he was a family member.

¶ 5    The Department's investigator determined the complaint pertained to rent calculation and not whether Jankovic or Toskic had the right to reside in the unit. Moreover, while Jankovic was disabled and required 24-hour care, there was insufficient evidence that the landlord prevented Toskic from residing in Jankovic's unit. Therefore, according to the investigator, the landlord did

not violate the Act. On August 20, 2014, the Department adopted the investigator's recommendation and dismissed the charge.[1]

¶ 6    On November 24, 2014, Jankovic filed a request for review with the Commission. The request bears Jankovic's signature and the caption identifies her as the sole complainant, but directs that correspondence be sent to Pod at an address in Florida. On December 7, 2018, the Commission issued an order sustaining the Department's dismissal for lack of substantial evidence. The Commission's order concludes: "This is a final Order. A final Order may be appealed to the Illinois Appellate Court by filing a Petition for Review, naming the Illinois Human Rights Commission, the Illinois Department of Human Rights, and Lisa Stewart and Pebbleshire II Associates as respondents".

¶ 7    On January 10, 2019, Pod filed a petition for direct administrative review that identifies the "petitioner" as "Susan Pod/Anica Jankovic." A field labeled "Attorney for Petitioner Address" lists Pod's name and address, along with the words "No Attorney". The petition does not name Pebbleshire or Stewart as respondents.

¶ 8    On appeal, Pod alleges that the Commission abused its discretion when it sustained the Department's dismissal of the discrimination charges against the landlord. The Commission initially argues that Pod lacks standing to bring the appeal, and that she may not represent Jankovic in this proceeding because she is not a lawyer.

¶ 9    The Act provides for a direct appeal of a final order of the Commission to this court. 775 ILCS 5/8-111(B) (West 2018). Our review is governed by the Administrative Review Law. 735 ILCS 5/3-102 (West 2018). The Administrative Review Law is a departure from the common law

---

[1] The Department's order is not included in the record on appeal.

and "the procedures established therein must be followed." *Rodriguez v. Sheriff's Merit Comm'n of Kane County*, 218 Ill. 2d 342, 349 (2006). In Illinois, standing to seek administrative review "is limited to parties of record before the administrative agencies and then only when their rights, duties or privileges are adversely affected by the decision." *Board of Education of Roxana Community School District No. 1 v. Pollution Control Board*, 2013 IL 115473, ¶ 20.

¶ 10 "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit. The doctrine assures that issues are raised only by those parties with a real interest in the outcome of the controversy." *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). "Under Illinois law, lack of standing is an affirmative defense, which is the defendant's burden to plead and prove." *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010). "Where a plaintiff has no standing, the proceedings must be dismissed. That is so because the lack of standing negates the plaintiff's cause of action." *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 22 (2004).

¶ 11 Here, Pod purports to appeal from an order of the Commission in a proceeding where the sole complainant was Jankovic. Pod was not a party of record to the proceedings below, and never alleged she was living in the landlord's apartment complex, paying rent, or seeking accommodation for a disability. Consequently, Pod's rights, duties, or privileges were not affected by the Commission's decision, and under the Administrative Review Law, she lacks standing to seek administrative review in this court.

¶ 12 To the extent that Pod, a non-attorney, purports to have filed this appeal on behalf of Jankovic, we note that "[a]n individual not duly authorized to practice law cannot represent another in a court of law." *In re Estate of Mattson*, 2019 IL App (1st) 180805, ¶ 6; see also 705 ILCS 205/1 (West 2018) ("No person shall be permitted to practice as an attorney or counselor at law within

this State without having previously obtained a license for that purpose from the Supreme Court of this State."). Although "a *pro se* litigant is allowed to represent his own personal interests, a non-attorney cannot represent another's legal interest on behalf of that individual." *Mattson*, 2019 IL App (1st) 180805, ¶ 6. Pod contends that the Commission allowed her to litigate on her mother's behalf without objection. It is doubtful that the Commission should have permitted her to do so. See *Id.* Regardless of whether Pod could have represented her mother at the commission level, she cannot do so in this court. *Id.* Additionally, in her reply brief, Pod advises that Jankovic has died. Only a duly appointed representative or executor of Jankovic's estate can now represent Jankovic's interests. *Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP*, 2017 IL App (1st) 162746, ¶ 32, and even that representative must be represented by a licensed attorney. *Mattson*, ¶ 7.

¶ 13     Pod also failed to name necessary parties to her petition for review. Pebbleshire and Stewart were parties to the proceedings before the Commission, so the petition for review was required to list them as respondents. 735 ILCS 5/3-113(b) (West 2018); *ESG Watts, Inc. v. Pollution Control Bd.*, 191 Ill. 2d 26, 35 (2000). In fact, the Commission's order specifically admonished Pod that she was required to name Pebbleshire and Stewart as parties to the petition filed in this court. Pod did not do so.

¶ 14     For all these reasons, we must dismiss the petition for review.

¶ 15     Dismissed.