2020 IL App (1st) 190550-U

FIFTH DIVISION
March 6, 2020

Nos. 1-19-0550, 1-19-0601 cons.

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| KIMBALL LADIEN, M.D., individually and as Independent Administrator of the Estate of Sylvia Doucette-Ladien, deceased, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| PRESENCE HEALTHCARE NETWORK, d/b/a Presence Health, and NORTHWESTERN MEMORIAL HOSPITAL, | ) ) ) ) | |
| Defendants-Appellants | ) ) | |
| | ) | No. 13 L 10084 |
| (Sister Mary Imler; Presence Saint Joseph Hospital – Chicago; Board of Directors of Saint Joseph Hospital; Saint Joseph Hospital Medical Executive Committee; Roberta Luskin-Hawk, M.D.; Raynelda Hidalgo, M.D.; Bruce Gober, M.D.; Patricia Foltz; Scott A. Rubinstein, M.D.; Mark Vexelman, M.D.; Nkem Irogbu, M.D.; Dennis O'Donnell, Starr Novak, and Northwestern Medical Faculty Foundation, | ) ) ) ) ) ) ) ) ) | |
| | ) ) | Honorable Kathy Flanagan, |
| Defendants). | ) | Judge Presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1     *Held:* This appeal seeks review of an order granting a section 2-1401 petition under Illinois Supreme Court Rule 304(b)(3). That order had the effect of reinstating particular counts of a complaint which had been dismissed for want of prosecution (DWP). Other counts of the complaint remained pending against the same defendants because those counts were not affected by the DWP order. Because these counts remained pending, the order vacating the DWP was not final and appealable, and thus could not be vacated or modified under section 2-1401. We find the section 2-1401 petition was functionally a motion to vacate an interlocutory order, so we lack jurisdiction under Rule 304(b)(3). Dismissed.

¶ 2                                         BACKGROUND

¶ 3     This court recited the background of this case in detail in an earlier order. *Ladien v. Presence RHC Corporation*, 2017 IL App (1st) 152778-U (*Ladien I*). Therefore, we will set forth only the details necessary for an understanding of this successive appeal.

¶ 4     The plaintiff, Dr. Kimball Ladien, was married to Sylvia Doucette-Ladien. In 2011, the couple filed a predecessor complaint against various medical providers alleging negligence regarding care they provided to Doucette-Ladien. Doucette-Ladien later died while in the care of St. Joseph Hospital, operated by defendant Presence Healthcare Organization. The circuit court dismissed the original 2011 complaint for want of prosecution on August 23, 2012.

¶ 5     Dr. Ladien then filed a multi-count successor complaint which contained, in brief summary: (1) various medical malpractice, survival, and wrongful death claims against a host of individuals involved in his late wife's care; and (2) claims against hospital officials related to the suspension of Dr. Ladien's own privileges to practice medicine at the hospital.

¶ 6     The record contains five versions of the successor complaint: (1) the first version filed *pro se* on September 9, 2013; (2) an amended complaint filed *pro se* on November 26, 2013 without leave of court; (3) a different amended complaint filed *pro se* on December 19, 2013, again without leave of court; (4) an amended complaint filed by Dr. Ladien's attorney on

February 3, 2015, with leave of court; and (5) a "fourth" amended complaint filed by a different attorney for Dr. Ladien on February 22, 2019, with leave of court. Only the complaint filed on February 22, 2019 is designated numerically to differentiate it from any other version. The version at issue in this appeal is the one filed February 3, 2015, the same one at issue in *Ladien I*. See *id.* ¶ 4. For simplicity and clarity, we will again refer to it as the "amended complaint." See *id.*, n. 1.

¶ 7     In *Ladien I*, this court affirmed the dismissal with prejudice of counts II, III, and IX of the amended complaint. We also affirmed the dismissal of count I, which sought injunctive relief relating to Dr. Ladien's inability to present witnesses and exhibits at a hearing concerning his hospital privileges as provided in the hospital by-laws. However, we modified the dismissal to reflect that the dismissal of count I be without prejudice to allow an amendment specifically to include a copy of the by-laws as an exhibit. *Id.* ¶ 24. This court issued its order in *Ladien I* on June 30, 2017. Because Dr. Ladien filed a petition for rehearing in this court, and unsuccessfully sought review by the Illinois Supreme Court, the circuit court did not receive this court's mandate until March 22, 2018.

¶ 8     During the interim period between June, 2017 and March, 2018, litigation continued in the circuit court on matters not relevant to the then-pending appeal. On February 8, 2018, the circuit court issued a memorandum opinion and order reciting the case's procedural history, and resolving motions to dismiss directed at certain counts of the amended complaint which were not at issue in *Ladien I*. The court noted that Dr. Ladien and his wife first filed a complaint in 2011, which was dismissed for want of prosecution. Rather than revive the DWP'd 2011 complaint within one year as permitted by section 13-217 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 2012)), Dr. Ladien instead filed a new complaint in 2013 which

initiated the lawsuit at issue in this appeal. He filed the case *pro se,* individually and on behalf of his wife's estate, but was later represented by counsel.

¶ 9    In its February 8, 2018 order, the circuit court found that the amended complaint then pending related back to the original 2011 filing and was timely filed under section 13-217's one refiling rule. The court also found that the complaint was not a nullity despite being filed by a self-represented litigant on behalf of a decedent's estate. The circuit court generally denied the pending motions to dismiss, but it did strike portions of certain counts and granted leave to file a "fourth" amended complaint "in conformity with this order" by March 8, 2018.

¶ 10    However, Dr. Ladien did not meet that deadline and did not file an amended version of the complaint which conformed to either the February 8 order or to our disposition in *Ladien I.* On May 9, 2018, the circuit court allowed Dr. Ladien's attorneys to withdraw. During most of 2018, the court's attention was devoted to Dr. Ladien's attempt to pursue the estate's claims on his own without an attorney and a flurry of *pro se* motions he filed challenging the withdrawal of his attorneys, demanding mediation, and seeking reconsideration of various orders. Along the way, the court granted Dr. Ladien opportunities to retain an attorney to handle the counts he filed on behalf of his wife's estate, because a non-attorney may not represent the legal interests of a decedent's estate in pending litigation. See *In re Estate of Mattson*, 2019 IL App (1st) 180805, ¶ 6.

¶ 11    On September 18, 2018, the circuit court indicated that it would not give Dr. Ladien any more time to find an attorney. It dismissed the "survival and wrongful death actions" for want of prosecution, telling him—incorrectly—that he would have one year to reinstate those claims pursuant to section 13-217 of the Code. The order contained no language pursuant to Illinois

Supreme Court Rule 304(a) (eff. Mar. 8, 2016) stating that it was final and appealable, or that there was no just cause to delay enforcement of appeal.

¶ 12    On October 3, 2018, the circuit court realized that its statement that Dr. Ladien had a year to reinstate the DWP'd counts was in error, because the case had already been DWP'd once, and section 13-217 grants a litigant only one opportunity to reinstate a DWP'd claim within a year. 735 ILCS 5/13-217 (West 2018). In light of its erroneous comment, and in fairness to Dr. Ladien, the court vacated the September 18 DWP order. The court then issued a new DWP order which again DWP'd the survival and wrongful death counts, noting specifically that Dr. Ladien had already used his one-time right to reinstate a DWP. The order stated, however, that "Dr. Ladien has 30 days from the date of this order to [illegible] to vacate the DWP." Again, the order did not contain a finding pursuant to Rule 304(a).

¶ 13    On October 24, 2018, the circuit court issued an order allowing attorney Randall Peters to file an appearance *instanter* on behalf of Dr. Ladien, continuing the case to November 13, and directing Dr. Ladien to advise the court regarding the time needed to file an amended complaint "and vacate DWP." Attorney Peters filed an appearance on behalf of "the plaintiff" on October 29. The caption on the appearance form listed only a single "plaintiff": Dr. Ladien in his capacity as administrator.

¶ 14    On November 13, 2018, the circuit court issued an order granting Dr. Ladien until December 4 to file a petition under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2018)) to vacate the DWP order, and directing him to file a further amended complaint with supporting affidavits by medical professionals by January 4, 2019.

¶ 15    On November 14, 2018, Dr. Ladien, through attorney Peters, filed a section 2-1401 petition seeking to vacate the DWP'd counts. On February 21, 2019, after briefing, the circuit

court granted the section 2-1401 petition, noting that the petition "was to vacate the *10/3/18 order*." (Emphasis in original.) In the same order, the court allowed the filing of a "fourth" amended complaint with supporting physician affidavits as required by section 2-622 of the Code (735 ILCS 5/2-622 (West 2018)). That complaint was filed the next day. The court also ordered the parties to return on a future date for status on the hospitals' anticipated appeal of the order granting the section 2-1401 petition.

¶ 16    Both Northwestern Memorial Hospital and Presence Saint Joseph Hospital-Chicago each appealed the February 21, 2019 order granting the section 2-1401 petition, pursuant to Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016). This court consolidated the two appeals and the hospitals filed joint briefs in this court.

¶ 17                                        ANALYSIS

¶ 18    This case presents the unusual situation where a circuit court has dismissed individual counts of a multi-count complaint for want of prosecution, but left other counts remaining. Neither party has raised the issue of jurisdiction, but we must consider whether this court has jurisdiction even if no party has questioned it. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217 (2009).

¶ 19    The Illinois Constitution confers jurisdiction on this court to hear appeals from all "final judgments" entered in the circuit court. See Ill. Const. 1970, art. VI, § 6. Article VI, section 6, provides that appeals "from final judgments of a Circuit Court are a matter of right to the Appellate Court" and that "[t]he Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts."

¶ 20    The Illinois Supreme Court has, by rule, provided for immediate appeals to this court from certain non-final orders. Rule 304(a) recognizes that an order can be final but not immediately appealable. It provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. * * * *In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties.*" (Emphasis added.) Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 21    Without a proper Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action does not become appealable until all the claims in the multi-claim litigation have been resolved. Once the entire action is terminated, all final orders entered along the way then become appealable under Illinois Supreme Court Rule 301 (Ill. S. Ct. R. 301 (eff. Feb. 1, 1994)). *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 464 (1990). This court has explained Rule 304(a) in the following terms:

"Rule 304(a) recognizes that frequently there are lawsuits with multiple parties or multiple claims and that the circuit court might enter a final judgment as to one or more but fewer than all of the parties or claims before the action ultimately ends.

7

In those situations, rather than allowing the immediate appeal of final judgments as to fewer than all claims or parties as a matter of right, we look to Rule 304(a) to discourage piecemeal appeals in the absence of a just reason and to remove the uncertainty which existed when a final judgment was entered on fewer than all of the matters in controversy, and to determine whether an immediate appeal may be taken. For example, where the circuit court enters summary judgment or a dismissal with prejudice on some claims but not others, the circuit court's judgment—while final—is not appealable as a matter of right under Rule 301; it does not become immediately appealable until a final judgment is entered on the remaining claims." (Internal citations and quotations marks omitted.) *Lakeshore Ctr. Holdings, LLC v. LHC Loan, LLC*, 2019 IL App (1st) 180576, ¶ 16.

¶ 22 In this case, the DWP order resolved some, but not all, of the claims in the amended complaint. Accordingly, it was not immediately appealable under Rule 304(a) because it did not contain the necessary findings for immediate appealability under that rule. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 23 As noted above, Ladien filed a section 2-1401 petition to vacate the DWP order, which the circuit court granted. The hospitals contend that we have jurisdiction over the order granting the section 2-1401 petition under Rule 304(b)(3), which provides that a party may appeal from "[a] judgment or order granting or denying any of the relief prayed in a petition under section 2-1401" without an express written finding to permit appeal under Rule 304(a). Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016).

¶ 24 Rule 304(b)(3) contains an exception to the general rule of non-appealability established in Rule 304(a). Rule 304(b) provides: "The following judgments and orders are appealable

without the finding required for appeals under paragraph (a) of this rule [Rule 304(a)]: * * * (3) A judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure." *Id.*

¶ 25    To determine whether that rule makes the order granting the section 2-1401 petition appealable, we first examine whether the section 2-1401 petition was properly brought pursuant to that section.

¶ 26    Section 2-1401 of the Code provides a statutory mechanism under which a litigant can obtain relief from "final orders and judgments" after 30 days from their entry. 735 ILCS 5/2–1401(a) (West 2018); *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220 (1986). "A final judgment has been defined as a 'determination by the court on the issues presented by the pleadings which ascertains and fixes *absolutely and finally* the rights of the parties in the lawsuit.' " (Emphasis in original.) *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 47 (quoting *Flores v. Dugan*, 91 Ill.2d 108, 112 (1982)).   A judgment is final if it determines the litigation on the merits so that, if it is affirmed, the only thing remaining is to proceed with the execution of the judgment. (Internal quotation marks omitted.) *In re Michael D.*, 2015 IL 119178, ¶ 13, (citing *In re Commitment of Hernandez*, 239 Ill. 2d 195, 202 (2010)).

¶ 27    Section 2-1401 was not an appropriate mechanism to attack the October 3, 2018 order which vacated the DWP and reinstated the survival and wrongful death counts of the amended complaint. Because that order adjudicated fewer than all the claims of fewer than all the parties, it was not "enforceable or appealable" and was "subject to revision at any time" under Rule 304(a). *Centrue Bank v. Voga*, 2017 IL App (2d) 160690, ¶¶ 33-35. The *Centrue Bank* court explained: "[W]here a trial court retains its authority to revise a judgment under Rule 304(a), a party's attempt to have that judgment revised is not governed by section 2-1401." *Id.* ¶ 34 (citing

*Washington Mutual Bank, F.A. v. Archer Bank*, 385 Ill. App. 3d 427, 432 (2008)) ("[S]ection 2-1401 has no proper function while the trial court retains jurisdiction to modify its orders"); see also *Hopkins v. Illinois Masonic Medical Center*, 211 Ill. App. 3d 652, 655 (1991) (motion to vacate dismissal of a party from the lawsuit was not subject to section 2-1401).

¶ 28    Our supreme court has held that "the character of the pleading should be determined from its content, not its label. Accordingly, when analyzing a party's request for relief, courts should look to what the pleading contains, not what it is called." *In re Haley D.*, 2011 IL 110886, ¶ 67. The order vacating the DWP did not resolve a valid section 2-1401 petition, but was simply a garden variety order vacating a prior interlocutory order. As such, no rule grants this court jurisdiction to consider the hospitals' appeal from the October 3, 2018 order. See, *e.g.*, *Illinois Bone & Joint Institute v. Kime*, 396 Ill. App. 3d 881, 882 (2009) (dismissing appeal from an order granting a section 2–1301(e) motion because the appealed order was interlocutory). In *Kime*, the court specifically concluded that "[t]here is no rule of appellate practice which allows a party to appeal as a matter of right on an interlocutory basis from an order granting a § 2-1301(e) motion." *Id.*

¶ 29    In so holding, we have considered whether *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander* requires a different result. The appellate court in that case dismissed an appeal from an order granting a section 2-1401 petition for lack of jurisdiction under Rule 304(b)(3). *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill 2d 489, 494 (1998). That order, like here, had the effect of vacating a DWP order and reinstating the petitioner's claim. *Id.* at 493. The appellate court found that it lacked jurisdiction, finding that the section 2-1401 petition was not properly brought under that section.  It reasoned that the underlying DWP order was not final because the order explicitly recited that the plaintiff could refile within one year as provided by

section 13-217 of the Code. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 285 Ill. App. 3d 77, 81 (1996). Our supreme court reversed, holding that jurisdiction was proper under Rule 304(b)(3) because the appeal was brought from an order resolving a section 2-1401 petition. *S.C. Vaughan Oil Co.*, 181 Ill. 2d at 497. To reach that holding, the court found that because the one-year refiling period had expired, the otherwise non-final DWP order had become final. *Id*. at 501-02, 506-07 (finding that "[o]nce the DWP becomes final, in order to revest the trial court with jurisdiction the plaintiffs must meet the requirements to vacate that order under section 2-1401"). We find that *S.C. Vaughan* is distinguishable because there, the supreme court had no occasion to consider the issue presented here. In this case, only *some* of the counts of a multi-count amended complaint were DWP'd. Other counts remained pending in the circuit court, so Rule 304(a) rendered the otherwise final DWP order non-appealable.

¶ 30                                    CONCLUSION

¶ 31    The October 3, 2018 order vacating the dismissal for want of prosecution was an interlocutory order which was not immediately appealable. Because the section 2-1401 petition filed by Dr. Ladien was functionally a standard motion to vacate an interlocutory order, Rule 304(b)(3) does not vest this court with jurisdiction over the October 3 order. We must dismiss this appeal for lack of jurisdiction.

¶ 32    Dismissed.