2023 IL App (1st) 211586-U

FIFTH DIVISION
March 24, 2023

No. 1-21-1586

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| *IN RE* ESTATE OF GRACE BROOKS, Deceased. | ) Appeal from the Circuit Court |
| | ) of Cook County. |
| (Quentin Adams, Appellant). | ) |
| | ) No. 07 P 4294 |
| | ) |
| | ) Honorable |
| | ) Carolyn J. Gallagher, |
| | ) Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Mitchell and Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held:*    We dismiss this appeal because the appellant failed to serve the notice of appeal on the necessary parties.

¶ 2    Quentin Adams appeals from the circuit court's dismissal of his grandmother Grace Brooks'

probate estate case, arguing that the court should have granted his motions to be named executor

of Brooks' estate, provided him an accounting of the estate, and ordered a distribution to him from the estate. We dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4    Grace Brooks died on September 6, 2005. A petition for probate of will and for letters testamentary filed in June 2007 listed Vineta Adams (Brooks' daughter) and the appellant Quentin Adams (Vineta's son and Brooks' grandson) as Brooks' heirs and legatees.[1] On August 3, 2007, the circuit court appointed Vineta as the independent administrator of Brooks' estate. Also on August 3, Thomas G. Clifford of Standard Bank & Trust Company filed a declination of office, in which he declined to act as representative of the estate.

¶ 5    On December 16, 2009, Christine Marshall filed a motion to withdraw as attorney for Vineta, claiming their relationship "broke down" because Vineta filed an ARDC complaint against Marshall. Marshall further claimed the estate had "no liquid assets," and Vineta refused to sell Brooks' house, meaning Vineta would likely be unable to pay any future substitute trustee. In a simultaneous motion for appointment, Marshall explained that Brooks' will "provided for an institutional and a private co-trustee. Both proposed trustees refused to serve." The motion contained Vineta's request "that the Public Administrator's Office or the Office of the Public Guardian be appointed as trustee." The circuit court continued these motions on multiple occasions in 2010, but the record does not reflect that the court ever ruled on them.

¶ 6    On August 15, 2019, after a long period of inactivity in the case, Adams filed a motion requesting to "finalize" Brooks' will because the "executor refuses to execute duties." On August 23, 2019, the circuit court continued the matter, and instructed Adams to retain counsel. On

---

[1] Because Quentin Adams and his mother Vineta Adams share a last name, we refer to Vineta by her first name.

September 27, 2019, the court entered another order, warning that it would dismiss the matter if Adams did not appear with counsel at the next court date. It is not clear from the record what occurred on the next listed court date, October 28, 2019.

¶ 7 On January 11, 2021, Adams filed another motion, in which he requested the circuit court to name him trustee and co-executor of Brooks' estate, and further requested an accounting of, and distribution from, the estate. The record suggests that Adams may have attached several documents to this filing, including the front page of Brooks' will, but the remainder of the will, including the main substance thereof, is absent from the record. Between May and October 2021, Adams filed numerous additional motions and petitions requesting the same or similar relief.

¶ 8 On some date before November 12, 2021, the Cook County Public Administrator filed a cross-petition for letters of administration for Brooks' estate, although the petition does not appear in the record. The circuit court continued the matter to January 26, 2022, for resolution of the Public Administrator's motion.

¶ 9 On December 1, 2021, the circuit court, on its own motion, ordered that "the estate [was] hereby closed unadministered and the case is dismissed," explaining that the court "reviewed the case file and observed that *** Vineta Adams has taken no action in the case since July 2010."

¶ 10 On December 2, 2021, Adams filed an emergency motion to re-open the matter. He filed similar motions on December 3 and 7.

¶ 11 On December 8, 2021, the circuit court entered an order stating, in relevant part, that the case had been "dismissed with prejudice," and instructing Adams that he was barred from filing any further pleadings in the matter. In the order, the court emphasized that Adams was not an attorney, and thus, pursuant to *In re Estate of Mattson*, 2019 IL App (1st) 180805, he could not appear on his behalf as an executor or "trustee" of Brooks' estate. The court further stated that it

had explained to Adams on multiple occasions "that legal representation [was] required." This appeal followed.

¶ 12                                    ANALYSIS

¶ 13    On appeal, Adams contends that the circuit court erred by not granting his requests to (1) be named executor of Brooks' estate, (2) receive an accounting of the estate, and (3) receive a distribution from the estate.[2] Though no appellee's brief was filed in this case, we resolve this appeal on appellant's brief only because the record is simple, and the claims can be resolved without an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 14    Based on the record before us, we dismiss Adams's appeal because he failed to name the proper and necessary parties as appellees and serve them with the notice of appeal. In attempting to appeal the circuit court's order, Adams engaged in the incorrect assumption that the appeal was in the form of a new lawsuit against the circuit court judge. The lone opposing party whom Adams named and served was not a party at all, but rather was Circuit Court Judge Carolyn Gallagher, who had presided over the estate in its later stages. Judge Gallagher was not a proper party to the appeal. The proper parties, at least, included Vineta, the independent administrator of Brooks' estate, and the Public Administrator, who had a pending cross-petition at the time the circuit court dismissed the matter. The Illinois Supreme Court Rules require the appellant to "serve the notice of appeal upon every other party and upon any other person or officer entitled by law to notice." Ill. S. Ct. R. 303(c) (eff. July 1, 2017). Because the Public Administrator's and Vineta's rights

---

[2] He also wanted to be named as "trustee" of the estate, but that characterization is legally incorrect. We presume he wanted to be named as the trustee of some testamentary trust created by his grandmother's will.

4

could have been adversely affected by a ruling on the merits here, they were entitled to notice, and Adams's failure to provide it constitutes grounds for dismissal. See *Wells Fargo Bank, N.A. v. Zwolinski*, 2013 IL App (1st) 120612, ¶ 14 ("failure to serve a copy of the notice of appeal on parties who may be adversely affected by the appellate court's decision may result in dismissal of the appeal"). Accordingly, we dismiss this appeal.

¶ 15    We note that this appeal also warrants dismissal because Adams failed to include a complete statement of facts, or include any citations to the record, in violation of Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020). See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. The fact that he is a *pro se* litigant does not excuse these failures. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 16    Furthermore, even if we were not required to dismiss Adams's appeal, his claims would still fail on the merits for two reasons. First, as the circuit court correctly explained, a non-attorney cannot appear on his own behalf as executor of an estate, even where, as here, he may also be a beneficiary of the estate. See *Mattson*, 2019 IL App (1st) 180805, ¶¶ 6-7. The *Mattson* court explained, "although a *pro se* litigant is entitled to represent his own personal interests, a non-attorney cannot represent another's legal interests on behalf of that individual," and further clarified that, "this rule includes a non-attorney seeking to personally represent the legal interests of an estate." *Id.* ¶ 6. Additionally, Adams's claims fail because the record is insufficient; it does not contain a full copy of Brooks' will or transcripts of the hearing(s) concerning the circuit court's ultimate decision to dismiss this matter. Without these materials, we would not have been able to make an independent judgment of the propriety of the court's decision; instead, we would have had to assume that the decision was "in conformity with the law" and "properly supported by

evidence," and affirmed the circuit court accordingly. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 17    While we appreciate Adams's fervent desire to become involved in his grandmother's estate, he must accept responsibility for persisting in his own incorrect view of how to proceed with this matter. He filed approximately 18 repetitive motions with this court seeking emergency relief and expedited consideration of his appeal, arguing that he was entitled to relief under the terms of his grandmother's will, but he failed to provide this court with a copy of the will from the certified record. This court instructed him on multiple occasions to cease his improper filings and provided him with contact information for legal aid services, of which he apparently chose not to avail himself. Accordingly, none of these motions succeeded.

¶ 18    Finally, we express our confusion with the long pendency of the open estate without (so far as the record shows) the court receiving a status report from the named and bonded independent administrator with will annexed, nor a final accounting, for nine years. It is our understanding that it is the practice of the Probate Division of the circuit court of Cook County to require status reports on dormant estate cases. We direct the clerk of this court to send copies of this order to the Public Administrator and to Vineta, and we respectfully request that the Public Administrator review the file to determine what action, if any, its office should take with respect to the possibly unresolved disposition of Brooks' assets. We further direct the clerk of this court to correct the caption in this court's docket to that shown at the beginning of this order, which is correct pursuant to Illinois Supreme Court Rule 330 (eff. July 1, 2017).

¶ 19                              CONCLUSION

¶ 20    We dismiss this appeal because Adams failed to serve the necessary parties with the notice of appeal or any other documents relevant thereto.

¶ 21     Appeal dismissed.