2022 IL App (1st) 192409-U

SIXTH DIVISION
March 25, 2022

No. 1-19-2409

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* ESTATE OF LORRAINE PHILLIPS, Deceased, | ) ) | |
| (Anthony Phillips, | ) ) | Appeal from the Circuit Court of Cook County |
|     Petitioner-Appellant, | ) ) | |
| v. | ) ) ) | No. 17 P 1371 |
| Katina Phillips, as Supervised Executor of the Estate of Lorraine Phillips, | ) ) ) ) | The Honorable Daniel B. Malone, Judge, presiding. |
|     Respondent-Appellee). | ) | |

_____

PRESIDING JUSTICE PIERCE delivered the judgment of the court.
Justices Harris and Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court had jurisdiction to enter orders in the estate proceedings, and we have no basis from which to conclude the circuit court erred by awarding executor's counsel attorney fees and costs for work performed on behalf of the estate. We decline to impose appellate sanctions on petitioner.

¶ 2    Petitioner, Anthony Phillips, appeals from two orders of the circuit court pursuant to Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016). First, he appeals the circuit court's denial of his motion to dismiss for lack of jurisdiction. Second, he appeals the circuit court's order

awarding attorney fees and costs to the law firm Righeimer, Martin & Cinquino, P.C. (the Righeimer firm), for its representation of respondent, Katina Phillips, in her capacity as supervised co-executor of Lorraine Phillips's estate. Katina argues that Anthony's appeal is frivolous and in bad faith, and she requests sanctions against Anthony pursuant to Supreme Court Rule 375 (eff. Feb. 1, 1994).[1] We affirm the circuit court's judgment and deny Katina's request for sanctions.

¶ 3                                    I. BACKGROUND

¶ 4      Anthony and Katina are Lorraine Phillips's children. Lorraine—who was the subject of guardianship proceedings before her death—died on February 16, 2017. On March 1, 2017, Anthony filed a *pro se* petition seeking to admit Lorraine's last will and testament to probate and for letters of administration. Anthony sought to be appointed as the executor of Lorraine's estate. On March 21, 2017, Katina, through the Righeimer firm, filed her own petition to admit Lorraine's will[2] to probate and for letters testamentary, seeking appointment of Katina and Anthony as a co-executors of Lorraine's estate as provided for in Lorraine's will, and requested a supervised administration. On April 25, 2017, an attorney filed an appearance on behalf of Anthony. Also on April 25, 2017, the circuit court granted Katina's petition, admitted the version of Lorraine's will attached to Katina's petition to probate, and—consistent with Lorraine's will—appointed Katina and Anthony as co-executors of Lorraine's estate. Anthony filed a claim against the estate for caretaking costs he incurred during Lorraine's guardianship proceedings. Anthony's claim is not part of this appeal.

---

[1]Anthony has not filed a reply brief in this court.

[2]We note that during Lorraine's guardianship, the circuit court permitted Lorraine's guardians to create a trust and execute a new will for Lorraine. Anthony appealed those rulings and this court affirmed. See *Estate of Phillips v. Associated Bank, N.A.*, 2019 IL App (1st) 171117-U. This appeal does not involve any issues regarding the validity of the will admitted to probate.

¶ 5    Anthony's counsel eventually withdrew, and the circuit court confronted the issue of whether Anthony, a non-attorney, could continue to serve as a *pro se* executor of Lorraine's estate. The circuit court denied Anthony's request to proceed *pro se* and gave him time to either obtain new counsel or resign as co-executor. Anthony appealed the circuit court's order denying him leave to proceed *pro se*—docketed in this court as appeal No. 1-18-1678—and asked this court to dismiss the circuit court proceedings based on *In re Estate of Mattson*, 2019 IL App (1st) 180805. We denied his motion and eventually dismissed his appeal for want of prosecution. The circuit court suspended Anthony as co-executor due to his failure to obtain counsel and eventually removed him as co-executor. Anthony appealed his removal as co-executor—docketed in this court as appeal No. 1-19-1036—and we dismissed the appeal for want of prosecution.

¶ 6    In July 2019, the Righeimer firm filed a petition for $40,110 in attorney fees and $534.58 in costs for the work it performed on behalf of the estate from March 2017 through April 2019. The petition included an itemized list of the work performed, the firm's billing rate, and the time expended on each item of work, and was supported by counsel's affidavit. During briefing on the fee petition, Anthony filed a motion to dismiss the entire action for lack of jurisdiction. He relied on this court's decision in *Mattson*—in which we found that a *pro se* litigant cannot represent the legal interests of a decedent's estate (*Mattson*, 2019 IL App (1st) 180805, ¶ 6)—to argue that all the circuit court's orders entered during the proceedings were void *ab initio* because Anthony was *pro se* when he filed his initial petition to open the estate. On October 30, 2019, after briefing on the Righeimer firm's fee petition and Anthony's motion to dismiss and a hearing, the circuit court denied Anthony's motion to dismiss, granted the Righeimer firm's attorney fee petition, and ordered Lorraine's estate to pay all the fees and costs requested in the fee petition.

¶ 7     Anthony filed a timely notice of appeal identifying the circuit court's October 30, 2019, orders denying Anthony's motion to dismiss and granting the Righeimer's fee petition.

¶ 8                                    II. ANALYSIS

¶ 9     On appeal, Anthony raises two issues. First, he asserts the circuit court erred by denying his motion to dismiss for lack of jurisdiction because this court has held that only attorneys may represent a decedent's estate and file a petition for letters of office. Second, he argues the circuit court should have denied the Righeimer firm's fee petition.

¶ 10     We first establish our jurisdiction, even though the parties do not contest it. Anthony asserts we have jurisdiction to consider the circuit court's October 30, 2019, orders under Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016), which provides in part that "a judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party" is immediately appealable without any special finding. Here, we agree the circuit court's order granting attorney fees and costs in favor the Righeimer firm was immediately appealable under Rule 304(b)(1) because it finally determined the firm's right to attorney fees in the estate proceedings. *In re Trusts of Strange ex rel. Whitney*, 324 Ill. App. 3d 37, 41-42 (2001). We ordinarily do not have jurisdiction under Rule 304(b)(1) to review the denial of a motion to dismiss in an estate proceeding because such an order does not finally determine a right or status of any party. *Petition of Filippelli*, 207 Ill. App. 3d 813, 817-18 (1990). But our supreme court has explained that a party may "always raise the issue of whether an order is void in an appeal where appellate jurisdiction exists and the case is properly before the court of review." *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 15 (citing *People v. Flowers*, 208 Ill. 2d 291, 308 (2003)). Anthony argued in the circuit court, and argues on appeal, that all the circuit court's orders are void because the circuit court lacked subject matter jurisdiction. Because we have jurisdiction to

consider Anthony's challenge to the fee award, we may also consider the circuit court's subject matter jurisdiction.

¶ 11    Turning to Anthony's arguments, he contends the circuit court lacked jurisdiction to enter any orders in the proceedings below because Anthony was acting *pro se* when he filed his initial petition to admit Lorraine's will to probate and for letters of office. He primarily relies on *Mattson* for the proposition that a *pro se* petition to open an estate is a nullity and must be dismissed. Anthony's argument is misplaced, and *Mattson* is distinguishable for several reasons.

¶ 12    We first address some general principles of subject matter jurisdiction. The Illinois Constitution provides that "Circuit Courts shall have original jurisdiction of all justiciable matters" except for two exceptions not present here. Ill. Const. 1970, art. VI, § 9. "Generally, a justiciable matter is a controversy appropriate for review by the [circuit] court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relationship of parties having adverse legal interests." *Urban Partnership Bank v. Chicago Title Land Trust Co.*, 2017 IL App (1st) 162086, ¶ 12. Probate proceedings are clearly within the class of cases that fall within the circuit court's subject matter jurisdiction.

¶ 13    Even if a case falls within the circuit court's jurisdiction, if a person not authorized to practice law files suit on behalf of another, the suit is a nullity and should be dismissed. *Kimbrell v. State Bank of Speer*, 2018 IL App (3d) 170498, ¶ 37. But application of the nullity rule is not automatic. *Id.* ¶ 38 (citing *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶¶ 31, 36). Instead, the nullity rule should be applied "where it fulfils the purposes of protecting both the public and the integrity of the court system from the actions of the unlicensed, and where no other alternative remedy is possible." *Downtown Disposal Services*, 2012 IL 112040, ¶ 30 (citing *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 439 (2008)).

¶ 14    Anthony essentially asserts that his petition to admit Lorraine's will to probate was a nullity and the circuit court had no jurisdiction to consider the issues raised in his petition. He relies on this court's decision in *Mattson*. There, Daniel Houlihan, a non-attorney proceeding *pro se*, petitioned to open an estate for his mother, who died intestate, and be appointed independent administrator. *Mattson*, 2019 IL App (1st) 180805, ¶ 2. The circuit court denied the petition and Houlihan filed a *pro se* appeal. *Id.* ¶¶ 3-4. A divided panel of this court struck Daniel's *pro se* appellate brief and dismissed the appeal because, as a non-attorney, he was not authorized to practice law and therefore could not represent the interest of another—his mother's estate—in litigation. *Id.* ¶ 6. Justice Hyman dissented and would have found that Daniel's petition in the circuit court did not involve the unauthorized practice of law because his petition under section 9-4 of the Probate Act was not attempting to represent the estate, but instead only sought letters of administration. *Id.* ¶ 19 (Hyman, J., dissenting).

¶ 15    The principle in *Mattson* has no application here because the circuit court took no action on Anthony's petition, but instead granted Katina's petition to admit Lorraine's will to probate and for letters of office. Even assuming the majority in *Mattson* correctly found the Probate Code requires a petitioner be represented by counsel in connection with the petition to open an estate, Katina's petition satisfied that requirement. The circuit court was not required to enter an order dismissing the entire action just because Anthony filed his petition first; doing so would not protect the public or the integrity of the court system and the circuit court had a perfectly good alternative: promptly open Lorraine's estate by granting Katina's petition. See *Downtown Disposal Services*, 2012 IL 112040, ¶ 30. Even if Anthony's petition was unauthorized, the circuit court had

jurisdiction to consider Katina's petition.[3] Anthony does not raise any challenge to the validity or sufficiency of Katina's petition. Instead, he seeks to void all the proceedings below because he filed his petition first. Anthony's argument that all the circuit court's orders in the proceedings below are void for lack of jurisdiction is not supported by the facts of this case or by case law. We reject Anthony's position and find the circuit court's orders are not void for lack of jurisdiction.

¶ 16    Next, Anthony argues the circuit court erred by granting the Righeimer firm's fee petition, although he fails to offer specific arguments supported by citations to relevant authority or to the record on appeal. He generally alleges the Righeimer firm should have resigned because it sold one of Lorraine's properties to a buyer represented by a law firm that previously represented Lorraine, and accuses the Righeimer firm of "poor work, sloppy work and work which ultimately cost the estate over $300,000 in a bad settlement, and thousands in payments which should have never been made." He makes arguments directed at the trustee of Lorraine's trust but fails to connect those arguments to any issue related to the Righeimer firm's fee petition.

¶ 17    Illinois Supreme Court Rule 341(h)(7) requires that an appellant present argument supported by citations to authority and to the relevant portions of the record on appeal. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Anthony's failure to develop an argument supported by authority and citations to the record on appeal result in forfeiture, and we can discern no basis from which to disturb the circuit court's order granting attorney fees and costs in favor of the Righeimer firm. The circuit court's order is affirmed.

¶ 18    Finally, Katina's appellate brief requests sanctions against Anthony for pursuing this appeal in bad faith. She argues Anthony has repeatedly raised his *Mattson* arguments in the circuit

---

[3]We also note that, assuming the Probate Act requires an executor be represented by counsel at the time of appointment, that requirement was also met where Katina and Anthony were each represented by counsel on April 25, 2017, when the circuit court appointed them co-executors of Lorraine's estate.

court and this court to no avail, which has driven up the cost of litigation to the detriment of Lorraine's estate and her heirs.

¶ 19 Rule 375 vests this court with discretion to impose sanctions for appeals or other actions that are frivolous, not in good faith, or for improper purposes. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). "The imposition of Rule 375 sanctions is left entirely to the discretion of the reviewing court." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 87 (citing *Kheirkhahvash v. Baniassadi*, 407 Ill. App. 3d 171, 182 (2011)).

¶ 20 We decline to impose sanctions. While Anthony's arguments lack merit and are underdeveloped, we do not believe they rise to the level of bad faith or that they were raised for an improper purpose.

¶ 21                                         III. CONCLUSION

¶ 22 For the foregoing reasons, we find the circuit court's orders entered during the estate proceedings are not void, and Anthony forfeited his argument directed at the circuit court's order granting the Righeimer firm's petition for attorney fees and costs. The judgment of the circuit court is affirmed.

¶ 23 Affirmed.