2023 IL App (1st) 200229-U

SIXTH DIVISION

September 15, 2023

No. 1-20-0229

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| *IN RE* ESTATE OF LORRAINE PHILLIPS, a disabled person, now deceased. <br> (Anthony Phillips, <br><br>     Petitioner-Appellant, <br><br>   v. <br><br> Katina Phillips, <br><br>     Respondent-Appellee.) | Appeal from the Circuit Court of Cook County. <br><br><br><br><br><br> No. 11 P 1044 <br><br> Honorable <br> Susan Kennedy Sullivan, <br> Judge, presiding. |

JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

*Held:* Where the circuit court's orders were not void, and appellant's argument regarding improper attorney fees is belied by the record, we affirm the court's denial of appellant's motion to reopen the guardianship estate of his mother.

¶ 1    This appeal arises from appellant Anthony Phillips's motion to reopen the guardianship estate of his mother, Lorraine Phillips. The circuit court denied Anthony's motion, holding it lacked jurisdiction. Anthony now appeals, arguing every order in the estate was void pursuant to section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West Supp. 2019)) and *In re Estate of Mattson*, 2019 IL App (1st) 180805, because he filed the initial petition for guardianship *pro se*. Alternatively, Anthony claims that the estate should be reopened for the specific purpose of recovering attorney fees pursuant to either section 2-1401 or section 24-9 of the Probate Act of 1975 (755 ILCS 5/24-9 ((West 2018)). For the reasons below, we affirm the court's order denying Anthony's motion.

¶ 2                                    BACKGROUND

¶ 3    On February 23, 2011, Anthony filed a *pro se* petition for guardian of his mother, Lorraine. The circuit court took no action on the petition before Anthony retained counsel. The court appointed a guardian *ad litem*, Paul Franciszkowicz, on March 21, 2011.

¶ 4    On July 26, 2011, Anthony and his sister Katina Phillips filed an amended petition for guardianship while both were represented by counsel. The court appointed Anthony and Katina plenary co-guardians on June 27, 2012.

¶ 5    In the following years, Anthony and Katina acted as co-guardians, with Katina continuously represented by counsel. Franciszkowicz also continued as guardian *ad litem*. Anthony changed attorneys on multiple occasions, and sometimes made *pro se* filings, but the record does not indicate he ever represented Lorraine's guardianship estate *pro se* without the involvement of Katina's counsel and Franciszkowicz. Further, the record does not suggest the circuit court ever entered an order pursuant to a motion or request by only Anthony while acting *pro se*.

¶ 6 In December 2016, a living trust for Lorraine's estate was executed. Lorraine died on February 16, 2017, and her death was spread of record on March 7, 2017. The circuit court then approved the final accounting of the estate, and discharged Anthony and Katina as co-guardians, in a March 26, 2019 order.

¶ 7 On November 4, 2019, Anthony filed a *pro se* motion to reopen the guardianship estate to recover assets. Anthony argued that, pursuant to *Mattson*, every order entered in the guardianship estate should be vacated as void because he filed the initial February 23, 2011, petition *pro se*. Alternatively, he claimed the guardianship estate should be reopened to recover attorney fees paid to the law firm of Schuyler, Roche & Crisham (Schuyler). Specifically, Anthony alleged that Schuyler, despite a conflict of interest, received attorney fees related to the sale of a property owned by Lorraine's estate on the 600 block of South Wabash Avenue (Wabash property) in Chicago. Anthony cited section 2-1401 and section 24-9 as grounds to reopen the estate. According to an escrow trust disbursement statement related to the transaction, Schuyler received a payment of $7,386 in an escrow disbursement from Chicago Title and Trust Company, attributable to the buyer of the property.

¶ 8 On November 18, 2019, the circuit court denied the motion, holding it lacked jurisdiction. At a hearing on the motion, Anthony reiterated the claim regarding Schuyler's fees, and argued the guardianship estate "should be dismissed and invalidated completely as void *ab initio*" because he "opened the guardianship *pro se* and the *Mattson* case says you cannot." Counsel for Katina stated that Schuyler was "paid by the buyer," not Lorraine's estate, and that *Mattson* did not apply, in part because Anthony was "represented by counsel" at all relevant times. In denying the motion, the court stated, "I have no jurisdiction over this matter anymore and your petition does not establish the basis on which I can proceed."

¶ 9     On December 18, 2019, Anthony moved for reconsideration, reiterating the arguments made in the original motion. He also contended the hearing on his motion did not sufficiently address his *Mattson* argument. The circuit court denied the motion for reconsideration on January 7, 2020. This appeal followed.

¶ 10                                    JURISDICTION

¶ 11     On appeal, Anthony raises three claims. First, pursuant to section 2-1401, he claims all orders entered in the guardianship estate are void because he filed the initial petition to open the estate *pro se*. Alternatively, he contends the guardianship estate should be reopened to recover the Schuyler fee because (1) pursuant to section 2-1401, had the circuit court been aware of the invalid payment to Schuyler, it would not have entered the March 26, 2019 order closing the estate; and (2) section 24-9 permits him to reopen the estate to recover the Schuyler payment.

¶ 12     While neither party contests that this court has jurisdiction to consider the circuit court's November 18, 2019 order denying Anthony's motion to reopen (the court denied Anthony's motion to reconsider on January 7, 2020, and Anthony filed his notice of appeal on February 3, 2020), the parties fail to acknowledge that the circuit court based its order on lack of jurisdiction. Unfortunately, neither party briefed this issue, instead arguing the merits of Anthony's claims. Additionally, we note the November 18, 2019 order is absent from the record, and the court provided no substantive explanation during the hearing. Despite these hindrances, however, we find that the record here is sufficient for this court to review the circuit court's jurisdictional decision. See *People v. Moody*, 2016 IL App (1st) 130071, ¶ 23. We review a circuit court's holding regarding its own jurisdiction *de novo*. *Parmar v. Madigan*, 2018 IL 122265, ¶ 17.

¶ 13     We hold that the circuit court erred in ruling that it lacked jurisdiction over Anthony's claims. While Anthony filed his motion 30 days after the entry of judgment, the expiration of

4

which typically divests a circuit court of jurisdiction, he did so pursuant to statutes which allow for filings beyond this typical jurisdictional timeframe. See *People v. Bailey*, 2014 IL 115459, ¶ 8 ("a trial court loses jurisdiction to hear a cause at the end of the 30-day window following the entry of a final judgment"). First, Anthony raised two claims under section 2-1401, which expressly permits circuit courts to examine orders after the 30-day period has expired, provided the petitioner's filing meets certain requirements. 735 ILCS 5/2-1401 (West Supp. 2019). Anthony's claims meet the requirements. Specifically, his *Mattson* claim is based on the proposition that the orders are all void, and a challenge to void orders can be brought at any time. See *People ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL 126927, ¶ 16. Second, his section 2-1401 challenge to the March 26, 2019 order falls within the statutory two-year statute of limitations. 735 ILCS 5/2-1401(c) (West Supp. 2019). Thus, the circuit court did not lack jurisdiction to consider either of Anthony's section 2-1401 claims, despite the fact that more than 30 days elapsed between the March 26, 2019 order and Anthony's November 4, 2019 filing.

¶ 14   Finally, the court also had jurisdiction to consider Anthony's claim under section 24-9, which permits a litigant to reopen an estate to resolve issues regarding "newly discovered assets" or an "unsettled portion of the estate," and contains no express time limit. 755 ILCS 5/24-9 (West 2018). Whether Anthony's claim appropriately presented an issue cognizable under this statute does not present a jurisdictional issue. See *Estate of Bilotti*, 56 Ill. App. 3d 552, 555 (1978) ("We are of the opinion that the requirement of alleging either of the requisites contained in section 24-9 of the Probate Act instead of constituting a jurisdictional question set forth a condition precedent which must be met before an estate may be reopened."). It follows that the court had jurisdiction to consider the substance of each of Anthony's claims. This does not end our analysis, however,

because we may affirm the lower court's decision on any basis found in the record. *People v. Gawlak*, 2019 IL 123182, ¶ 39.

¶ 15                                    ANALYSIS

¶ 16    Turning to the substance of Anthony's claims, his first two theories for reopening the guardianship estate are based on section 2-1401, which, again, generally allows petitioners to seek relief from a final judgment more than 30 days after its entry. 735 ILCS 5/2-1401 (West Supp. 2019). One basis for relief under section 2-1401 is that the circuit court entered the challenged order with incomplete information, and the court would not have entered the order had it been aware of the missing information. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). Generally, section 2-1401 petitions must be brought within two years of the challenged order's entry, and the petitioner must demonstrate the claim is meritorious and they acted with due diligence. *Alvarez*, 2022 IL 126927, ¶ 16. Section 2-1401 petitions claiming an order is void, however, may be brought at any time. *Id.*

¶ 17    Anthony first claims the entire guardianship is void *ab initio* because he filed the initial petition *pro se* in violation of the rule explained in *Mattson*, 2019 IL App (1st) 180805. There, the court reiterated that non-attorneys cannot legally represent the interests of others, and affirmed the dismissal of a *pro se* petition to open a probate estate on that basis. *Id.* ¶¶ 6-7.

¶ 18    Anthony argues that this same reasoning should apply generally in the guardianship estate context, and specifically here to void all orders entered in Lorraine's guardianship estate, because he filed the initial petition *pro se*. The record shows that while Anthony filed the initial petition *pro se*, he immediately procured counsel after that filing. Then, he filed an amended petition with Katina to be named co-guardians while both were represented by counsel, which the circuit court granted. Thereafter, Katina (through her attorney) and the guardian *ad litem* represented Lorraine's

6

guardianship estate until it closed on March 26, 2019. Additionally, for the majority of the estate's duration, Anthony was also represented by counsel in his capacity as guardian, though he occasionally made *pro se* filings.

¶ 19    Based on this record, we hold that Anthony's *Mattson* claim fails. Even presuming that *Mattson* applies in the guardianship context, the circuit court opened the guardianship estate based on the joint petition of Anthony and Katina, filed when both were represented by counsel.[1] Additionally, even further presuming that orders entered during the course of a validly opened estate are void if they arise from improper *pro se* representation, there is nothing in the record to suggest that the circuit court entered an order based on Anthony acting alone, and *pro se*, as the estate's representative. See *Mattson*, 2019 IL App (1st) 180805, ¶ 6 (citing *Ratcliffe v. Apantaku*, 318 Ill. App. 3d 621, 626 (2000)). Anthony provides no authority for the proposition that we may void any orders, let alone the entirety of the guardianship estate, based on the fact that he intermittently appeared or made filings *pro se*, particularly where the record suggests Lorraine's interests were at least simultaneously represented by counsel via Katina. It is an appellant's responsibility to establish his claims—this court will not create arguments for a party. See *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23 (quoting *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986) ("The appellate court is not a depository in which the appellant may dump the burden of argument and research.")). Based on the narrow argument Anthony

---

[1] We note that Anthony made a similar argument in another appeal, this one from Lorraine's probate estate, in *In re Estate of Phillips*, 2022 IL App (1st) 192409-U. As here, Anthony filed the initial petition to open the probate estate *pro se*, but immediately procured counsel, and the circuit court granted Katina's motion petition to open the estate (which she filed while represented by counsel). ¶ 4. In rejecting Anthony's *Mattson* claim, Justice Pierce explained, "The principle in *Mattson* has no application here because the circuit court took no action on Anthony's petition, but instead granted Katina's petition." *Id.* ¶ 15.

provides and the record before us, we have no basis to conclude any order entered in the guardianship is void.

¶ 20    Anthony's second section 2-1401 theory fails for a similar reason—it is rebutted by the record. While a reviewing court may generally invalidate an order under section 2-1401 based on new evidence which would have prevented the lower court from entering that order, this situation does not qualify. See *Paul*, 223 Ill. 2d at 94. Instead, the record is clear that the buyer in the Wabash property transaction paid Schuyler, not Lorraine's estate.[2]

¶ 21    Anthony's final theory for reopening Lorraine's guardianship is based on section 24-9, which allows for a decedent's estate to be re-opened "to permit the administration of a newly discovered asset or of an unsettled portion of the estate on the petition." 755 ILCS 5/24-9 (West 2018). While it is unclear if this statutory section applies in the guardianship context, we need not resolve that now. This is because, even presuming the section may apply to guardianship estates, the claim fails because it rests solely on the inaccurate assertion that Lorraine's estate paid attorney fees to Schuyler. As explained above, the record is clear that the estate made no payment to Schuyler in connection with the Wabash property.[3]

¶ 22                                CONCLUSION

¶ 23    Anthony has not established that the circuit court took any action with respect to Lorraine's guardianship estate while he improperly represented it *pro se*, and the record shows that Schuyler's

---

[2] On appeal, Anthony attempts to include a section 2-1401 claim based on Katina alleged failure to file a tax document with the Internal Revenue Service. Anthony offers no support for this claim factually or legally, and thus we will not consider it. See *Kic*, 2011 IL App (1st) 100622, ¶ 23.

[3] Because the record directly rebuts the premise of Anthony's argument here, we do not reach the issue of whether such a payment, if supported by the record and raised in a proper context to invoke the statute, could constitute a newly discovered asset or unsettled portion of an estate such that reopening would be appropriate.

payment related to the Wabash property sale came from the buyer, not Lorraine's estate.

Accordingly, Anthony's claims fail, and the court did not err by denying his motion to reopen.

¶ 24    Affirmed.